IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ROBERT NATHAN HENSLEY**  **PLAINTIFF**
Reg. No. 31650-009

v.    Case No. 4:22-cv-00879-JM

**UNITED STATES DEPARTMENT**
**OF JUSTICE**    **DEFENDANT**

**ORDER**

Plaintiff Robert Nathan Hensley, an inmate in the Federal Bureau of Prisons, has paid the filing fee and brings this *pro se* complaint under 42 U.S.C. § 1983 against the Department of Justice ("DOJ") seeking information under the Freedom of Information Act ("FOIA") from the Federal Bureau of Investigation ("FBI"), an arm of the DOJ (Doc. 2). The Court must screen his complaint.

**I.    Background**

Mr. Hensley says he was questioned by FBI agents on October 13, 2017. (Doc. 2). He now seeks all of the information, including any recorded statements, surrounding his questioning. (Doc. 2). Mr. Hensley's mother, Judy Allen, unsuccessfully attempted to secure the information on his behalf. (*Id*. at 10-11). By letter issued January 24, 2022, the FBI closed Ms. Allen's request, explaining that privacy issues precluded it either confirming or denying the existence of records relating to a third party. (*Id*.).

On May 9th, May 31st, and June 9th, 2022, Mr. Hensley faxed FOIA requests to the FBI seeking the same information. (*Id*. at 3, 13-16). By letter issued June 14, 2022, the FBI identified specific deficiencies with Mr. Hensley's request, provided him a form for reapplying, and closed Mr. Hensley's request. (*Id*. at 17). Since receiving that letter, Mr. Hensley has refaxed the deficient

FOIA request three more times (*Id*. at 5-9) and, twice faxed the completed form provided by the FBI. (*Id*. at 17-20). Mr. Hensley has now filed the present action seeking the Court's assistance with his request.

**II. Screening**

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id*. § 1915A(b). The *in forma pauperis* statute also imposes these standards for dismissal. 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing the sufficiency of a *pro se* complaint under the Court's screening function, the Court must give the complaint the benefit of a liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Court also must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Although *pro se* complaints are to be liberally construed, the complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

**III. Discussion**

Under FOIA, federal agencies are required to release government records to the public

upon request, subject to nine listed exceptions. *See* 5 U.S.C. § 552(b). To prevail in a FOIA case, the plaintiff must show that an agency has (1) improperly (2) withheld (3) agency records. *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989) (internal citations omitted). Injunctive relief for the improper withholding of records is the sole remedy under FOIA and only those records may be produced. *See* 5 U.S.C. § 552(a)(4)(B). Once all requested records have been produced, there is no longer a case or controversy and a FOIA action becomes moot. *See Armstrong v. Exec. Office of the President*, 97 F.3d 575, 582 (D.C.Cir.1996).

Here, it is not apparent from the documents provided that Mr. Hensley has exhausted his administrative appeals, a prerequisite for bringing a FOIA suit. *See Brumley v. U.S. Dep't of Labor*, 767 F.2d 444, 445 (8th Cir. 1985). The letters sent by the FBI to Mr. Hensley indicate that, on receipt of request, the agency assigns a request number. (Doc. 2 at 11 & 17). The letters also outline the internal appellate procedures necessary should the applicant be dissatisfied with the ruling. (*Id*.). Mr. Hensley has provided nothing to suggest that he has exhausted these procedures. Both of the letters simply close his request. Whether Mr. Hensley appealed those decisions or secured a separate Request Number has not been shown.

The Court will give Mr. Hensley an opportunity to amend his complaint. Within thirty (30) days of this Order, Mr. Hensley must file an Amended Complaint fixing the deficiencies identified above.[1] Mr. Hensley carries the burden of pleading sufficient facts to state a claim for relief. The failure to file an Amended Complaint will result in the dismissal of his claims.

IT IS SO ORDERED this 1st day of November, 2022.

---

[1] "It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). Mr. Hensley is warned that, in his Amended Complaint, he must not simply add more information, he must re-allege every claim and supporting fact in addition to adding new factual support for those claims.

_____
UNITED STATES DISTRICT JUDGE