IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ROBERT NATHAN HENSLEY**                                             **PLAINTIFF**
Reg. #31650-009

v.                              No: 4:22-cv-00879-JM

**UNITED STATES DEPARTMENT OF JUSTICE**                **DEFENDANT**


**ORDER**

Pending is Defendant's motion for summary judgment. (Docket #35). Plaintiff has filed a response and the matter is ripe for determination.

Plaintiff, Robert Nathan Hensley, was indicted in this district for the offenses of (1) attempted enticement of a minor to engage in illegal sexual conduct, a violation of 18 U.S.C. § 2422(b) (Count 1); attempted production of child pornography after having been convicted of child sex crimes, a violation of 18 U.S.C. § 2251(a) & (e) (Count 2); and possession of child pornography after having been convicted of child sex crimes, a violation of 18 U.S.C. § 2252(a)(4)(B) (Count 3). On March 5, 2019, a jury convicted Hensley of all three counts. United States v. Robert N. Hensley. (Case number 4:17CR310-SWW, doc. #89). On July 2, 2019, he was sentenced to 420 months in prison. (*Id*. at doc. # 103). His conviction and sentence were affirmed on appeal. United States v. Hensley, 982 F.3d 1147, reh. den. April 15, 2021, cert. den. 142 S. Ct. 379 (2019). Hensley filed a 28 U.S.C. § 2255 petition, which was denied. (Case number 4:17CR310-SWW, doc. # 124). The district court denied Hensley's application for a certificate of appealability. *(Id.* at doc. #127). The Eighth Circuit likewise denied his application. (Id. at doc. #134). The Supreme Court denied his petition for certiorari. *(Id*. at doc. #138).

Plaintiff filed this *pro se* complaint on September 23, 2022 under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552.  Hensley claims that he has requested and the defendant has failed to produce, "all information, including but not limited to, the recording done on micro-cassette, transcripts, all documents noting or in reference to the interview recording done of Robert Nathan Hensley on October 13, 2017 at approximately 3:00 p.m."

Facts

The following facts are set forth in Defendant's statement of material facts as to which there is no issue to be tried.  (ECF Doc. 37).  Plaintiff does not dispute the facts set out in the Defendant's filing and did not file a statement of disputed material facts.   Plaintiff contends "I know there was a tape made.  I want it."

In May and June 2022, Plaintiff submitted to the Federal Bureau of Investigation (FBI) three Freedom of Information Act (FOIA) requests, none of which provided sufficient information to conduct an adequate search or lacked a signature under penalty of perjury.  On July 8, 2022, the FBI Records/Information Dissemination Section (RIDS) received from Hensley via facsimile (fax) Hensley's FOIA request for: "all information, including but not limited to, the recording done on micro-cassette, transcripts, all documents noting or in reference to the interview recording done of Robert Nathan Hensley on October 13, 2017 at approximately 3:00 p.m." By letter dated July 15, 2022, the FBI acknowledged receipt of the request and notified Hensley that it had assigned his FOIA request number 1545375-003. On September 1, 2022, the FBI advised Hensley of the status of his pending FOIA request.  By letter dated May 23, 2023, the FBI made its first release of records to Hensley, advising that 304 pages of records had been reviewed, and 251 pages were being released in full or part, with certain information exempted pursuant to Privacy Act exemption (j)(2) and FOIA exemptions (b)(6), b)(7)(C) and (b)(7)(E).

On June 8, 2023, the FBI made its second release of records, advising that, after completing consultation with the Executive Office of United States Attorneys (EOUSA), two pages of records were being released in part to Hensley. On October 20, 2023, the FBI released to Hensley 6 pages of records in full or part. The FBI identified and processed a total of 310 pages of responsive records. Of these records, 103 pages were released in full, 156 pages were released in part with redactions and 51 pages were withheld in full. Plaintiff does not challenge any of the exemptions or redactions.

The FBI RIDS searched its comprehensive, agency-wide Central Records System for main index entries (entries created for individuals who are the subject of an investigation), through Sentinel, its case management system. Sentinel is used by agency personnel to locate records to fulfill its various functions. Sentinel's index search functions allow FBI personnel to query the CRS for indexed subjects in its case files. RIDS searched the main index entries for the term "Robert Hensley". The nondisclosure of redacted information and records withheld in full were based on FOIA exemptions for clearly unwarranted/unwarranted invasion of personal privacy, 5 U.S.C. § 552(b)(6) & (b)(7)(C), and law enforcement techniques and procedures, 5 U.S.C. § 552(b)(7)(E).

As a result of its search efforts, RIDS located a responsive file, but it did not locate a micro-cassette recording of Hensley's October 13, 2017 interview, transcripts of a recording of his interview, or documents noting or referring to an interview recording. RIDS took the extra step of conducting a search outside the agency's CRS (targeted search) and consulted with personnel in the FBI's Little Rock Field Office.

The Chief Division Counsel (CDC) of the Little Rock Field Office reviewed the investigation file several times and found no reference to a micro-cassette recording. The

CDC searched for, but did not locate, an Electronic Surveillance evidence entry for a recording.  A case agent who was present at the October 13, 2017 interview, Special Agent (SA) John Sablatora, provided a declaration stating that the interview was not recorded.  The report of the FBI agents' October 13, 2017 interview of Hensley, FD-302, which was released to Hensley, does not refer to or mention a recording of the interview. Further, in the case of United States of America v. Robert Nathan Hensley, case No. 4:17CR310-SWW, a hearing on Hensley's motion to suppress his statements to agents was held on January 15, 2019. At the hearing, FBI SA John Sablatora testified that the October 13, 2017 interview of Hensley was not recorded.

Plaintiff does not allege that the Defendant's search was not reasonable but argues that he "knows a tape was made."

Standard of Review

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979).  The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.* "[to] point out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339 (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted) (brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

Discussion

Summary judgment is available in a FOIA action where an agency demonstrates that it has fully discharged its obligations under the FOIA. *Mo. Coalition for Env't Found. V. Army Corps of Eng'rs*, 542 F.3d 1204, 1209 (8th Cir. 2008). An agency meets the burden for summary judgment when the agency proves "that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." *Miller v. Dep't of State*, 779 F.2d 1378, 1383 (8th Cir. 1985). "[T]he burden remains on the government to demonstrate that it has thoroughly searched for the requested documents where they might reasonably be found ... once the agency has shown by convincing evidence that its search was reasonable, i.e., that it was especially geared to recover the documents requested, then the burden is on the requester to rebut that evidence by a showing that the search was not in fact in good faith." *Id.* "An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively

5

detailed, nonconclusory, and submitted in good faith." *Id.* (citing *Goland v. C.I.A.*, 607 F.2d 339, 352 (D.C. Cir. 1978)). Affidavits may be relied on to establish either that all documents have been produced, that documents are unidentifiable, or that identified documents are exempt from disclosure. *Id.* Under FOIA an agency is required "to review, manually or by automated means, agency records for the purpose of locating those records that are responsive to the request." 5 U.S.C. § 552(a)(3)(D). Generally, courts require the agency search to be "reasonably calculated to uncover all responsive documents." *Miller* at 1383. *"*But the search need only be reasonable, it does not have to be exhaustive*." Id.*

> The fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it. Thus, the Department is not required by the Act to account for documents which the requester has in some way identified if it has made a diligent search for those documents in the places in which they might be expected to be found; it is not necessary to create a document that does not exist in order to satisfy a [FOIA] request.

*Id.* at 1385 (citations omitted).

The government has provided the Court with detailed, non-conclusory affidavits outlining the efforts made to find the requested material. Further, Agent Sablatora, who was present at the October 13, 2017 interview, testified before Judge Wright on January 15, 2019 and by affidavit submitted by the government to support its current motion that the October 13, 2017 interview was not recorded. The FBI identified and processed 310 pages of responsive records of which 103 pages were released in full, 156 pages were released in part with redactions and 51 pages were withheld. In addition to the search of its central records system the agency consulted with the FBI's Little Rock Field Office. This additional search did not locate any reference to a recording. The Court finds that the government conducted a reasonable, thorough search

reasonably calculated to uncover the requested material.  Accordingly, the government has discharged its duties under the Act.

Conclusion

For these reasons, Defendant's motion for summary judgment, docket # 35, is GRANTED.  Plaintiff's motion for appointment of counsel, docket # 41, is DENIED.  In civil cases, a *pro se* litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013).  Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim ... and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).  The Court finds that the appointment of counsel is not warranted. Plaintiff adequately presented his claims to the Court and neither the factual nor the legal issues in this case are complex.  The remaining motions are denied as moot.

IT IS SO ORDERED this 25th day of January, 2024.

_____
James M. Moody Jr.
United States District Judge